NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| UNULA BOO-SHAWN ABEBE, : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | **OPINION** |
| : | Civil No. 10-CV-11 (DMC) |
| v. : |  |
| EMMANUEL OBUNDU ABEBE, : |  |
| Defendant. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Complaint by Unula Boo-Shawn Abebe ("Plaintiff") for relief pursuant to 42 U.S.C. § 1983, and alleged violations of the Eighth Amendment and Fourteenth Amendment to the United States Constitution. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Upon consideration of all submissions and based upon the following, Plaintiff's Complaint is **dismissed with prejudice**.

**I.   BACKGROUND**

In January 2010, the Clerk of the Court received a copy of Plaintiff's Complaint ("Complaint"), executed pursuant to 42 U.S.C. § 1983 with the Clerk of the Court. See Docket Entry No. 1. The Complaint arrived unaccompanied by Plaintiff's filing fee or by his complete in forma pauperis ("IFP") application. See id. (While Plaintiff submitted his affidavit of poverty, he failed to submit his certified six-month prison account statement required by 28 U.S.C. § 1915(a)(2).

See id.) Then, in February 2010, the Clerk received a letter from Plaintiff inquiring as to why his Complaint was not served upon Defendant.[1]  See Docket Entry No. 2.  In March 2010, the Court subsequently denied Plaintiff IFP status without prejudice and directed administrative termination of this matter subject to reopening upon Plaintiff's submission of his six-month prison account statement.  See Docket Entry No. 3.  The following month, Plaintiff submitted his six-month prison account statement.  See Docket Entry No. 6.

In light of Plaintiff's submission, the Court will grant Plaintiff IFP status, direct assessment of filing fees in accordance with the terms stated in the Order accompanying this Opinion and order the Clerk of the Court to file the Complaint.  In addition, the Court will dismiss Plaintiff's Complaint with prejudice for the reasons discussed below.

II.     DISCUSSION

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is obligated to review Plaintiff's Complaint to determine if it states frivolous or malicious claims, claims for relief upon which no relief could be granted, or whether it requests monetary relief against defendants immune from suit. In this case, Plaintiff raises several claims concerning members of his immediate family.  First, Plaintiff challenges the treatment which his mother received from his father during the 1980's through the early 1990's.  Second, Plaintiff challenges the taking of his brother by his father to Africa for permanent residence in the early 1980's, as well as his father's decision to leave the United States and reside in France since the mid-to-late 1990's.  In addition, Plaintiff challenges the fact that he

---

[1] As it is detailed infra, Plaintiff's Complaint states, in no ambiguous terms, that Plaintiff has no idea as to the whereabouts of Defendant (or even as to whether Defendant is alive). Therefore, even if this matter were not ridden with the multitude of all other problems, the Court is not entirely clear as to how service of process can be ordered upon Defendant whose whereabouts Plaintiff does not disclose to the Court.

has not had any contact with his father since 2006. Plaintiff requests that his brother and father be located, that his father be arrested, and his brother returned to the United States. Plaintiff also seeks $5 million in compensatory damages and $5 million in punitive damages, and "nominal" damages of unspecified nature in the amount of $5 million. See Docket Entry No. 1.

### A. Standing

Initially, Plaintiff has no standing to sue on behalf of his mother or his brother. Under the "next friend" doctrine, jus tertii, standing allows a third person to file and pursue a claim in court on behalf of someone who is unable to do so on his or her own. The doctrine dates back to the English Habeas Corpus Act of 1679 and provides a narrow exception to the "case in controversy" requirement set forth in the Article III of the Constitution. See Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). In Whitmore, the Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [he] seeks to litigate" (and it has been further suggested that a "'next friend' must have some significant relationship with the real party in interest"); and (2) "the 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64. Furthermore, the burden is on the "next friend" to justify his/her status and, thereby, to obtain the jurisdiction of the federal courts. See id. at 164.

In view of these requirements, this Court cannot recognize Plaintiff as "next friends" of his mother or brother. Even if the Court presumes that Plaintiff has his mother's or his brother's best interests at heart, the Court has no evidence verifying mental incompetence of Plaintiff's mother or brother, or their inability to initiate a legal action on their own. Therefore, Plaintiff's claims on

behalf of his mother and/or brother are dismissed for lack of standing.

      **B.**      **Statute of Limitations**

Even if the Court disregards Plaintiff's lack of standing, Plaintiff's Complaint unambiguously indicates that the events challenged by Plaintiff took place ten, twenty, or thirty years ago. Even viewing the Complaint in a light most favorable to Plaintiff, his most "recent" challenge is based on the fact that his father ceased contact with Plaintiff in 2006, which is more than three years prior to Plaintiff's submission of his Complaint. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Goodman v. Lukens Steel Co., 482 U.S. 656, 661-62 (1987); Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 2006 WL 590357 *1 (3d Cir. March 13, 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). New Jersey's statute of limitations for personal injury claims requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)).

Under federal law governing the accrual of claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver v. Levin, 38 F.3d 1380, 1387 (3d Cir. 1994). "Generally, a litigant seeking equitable tolling bears the burden of establishing two


elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005). The Third Circuit instructs that equitable tolling is appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a [plaintiff] faces extraordinary circumstances that prevent him from filing a timely [complaint] and the [plaintiff] has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. See id.; Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Here, since Plaintiff's Complaint is silent as to the events that might qualify as grounds for equitable tolling, Plaintiff's delay in waiting three decades renders his claims facially time-barred. Thus, any further inquiry into the issue equitable tolling is unwarranted.

### C.     Arrest of Plaintiff's Father

Plaintiff's application for the arrest of his father must be dismissed. A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See Collyer v. Darling, 98 F.3d 211, 222 (6th Cir. 1996); Mercer v. Lexington Fayette Urban County Gov't., 52 F.3d 325 (6th Cir. 1995); Forney v. Woodridge Hosp. & Johnson City Med. Ctr., 2005 U.S. Dist. LEXIS 37257, at *6 (E.D. Tenn. Sept.

14, 2005); see also Savage v. Arnold, 403 F. Supp. 172 (E.D. Pa. 1975) (stating that a private party cannot, on his own, commence a criminal proceeding for failure to meet or comply with the requirements of Rules 3 and 4 of the Rules of Criminal Procedure and citing United States v. Blierley, 331 F. Supp. 1182 (W.D. Pa. 1971); Brown v. Duggan, 329 F. Supp. 207 (W.D. Pa. 1971); Spader v. Wilentz, 25 F.R.D. 492 (D.N.J. 1960), aff'd, 280 F.2d 422 (3d Cir. 1960), cert. denied 364 U.S. 875 (1960)).  Thus, Plaintiff, a private citizen, is without authority to prosecute criminal charges, see United States v. Jarvis, 560 F.2d 494, 497 (2d Cir. 1977); Pokalsky v. SEPTA, 2002 U.S. Dist. LEXIS 16175 (E.D. Pa. Aug. 28, 2002); In re Guyer, 1996 U.S. Dist. LEXIS 17807, at *1 (E.D. Pa. 1996); Ballard v. Leomporra, 1995 U.S. Dist. LEXIS 15007, at *1 (E.D. Pa. 1995); Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992), and this Court is without authority to do so on Plaintiff's behalf, since "[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." See Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987).  "Accordingly, the district court [is obligated to] refus[e] fil[ing] criminal charges or . . . compel[ing] prosecution based on those charges." Ellen v. Stamm, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19, 1991), cert. denied sub nom, Montalvo v. Stamm, 506 U.S. 1047 (1993).

      **D.**    **Color of Law Requirement**

In addition to the previously discussed deficiencies, each and every claim stated by Plaintiff (i.e., each claim against Plaintiff's father) must be dismissed for failure to meet the color of state law requirement.  To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that

the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633. "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the state, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the state or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the state. See id. at 936-39.

Here, the Complaint does not allege that Plaintiff's father acted under color of state law and consequently Plaintiff cannot bring a claim pursuant to 42 U.S.C. § 1983. Furthermore, this Court will not grant Plaintiff leave to amend his Complaint because it would be futile. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as

applies under Rule 12(b)(6)." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Here, Plaintiff states in non-ambiguous terms, that he seeks to bring an action against a private individual that did not act under color of state law. Therefore, even if all other shortcomings of Plaintiff's pleading could be cured by additional statements or the omission of certain claims, the nonexistence of a demonstrable color of law claim renders leave to amend futile. Therefore, Plaintiff's claims are dismissed in their entirety with prejudice.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is **dismissed with prejudice**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       May  24 , 2010
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Claire C. Cecchi, U.S.M.J.
            File